IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE T. WILLIAMS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ROSE ALBANO ET AL. ) <br> ) <br> Defendant ) <br> ) | Case No. 1:18−cv−02600 <br><br> Hon. Franklin U. Valderrama |

**PLAINTIFF TERRENCE T. WILLIAMS**
**MOTION FOR DISCOVERY SANCTIONS**

NOW COMES Plaintiff Terrence T. Williams ("Mr. Williams"), by and through his attorneys, Quarles and Brady LLP, for his Motion for Discovery Sanctions and the Memorandum of Law in support thereof, states as follows:

**I.     Introduction**

Mr. Williams' claims in this matter concern the excessive use of force by seven officers while detained as a pre-trial detainee at the Will County Adult Detention Facility ("WCADF"). The events that occurred on March 19, 2018, including the initial dispute between Mr. Williams and another detainee, the response by on-duty deputies and members of the WCADF Emergency Response Team ("ERT"), and the medical care provided by WCADF staff (all together "the Incident"), took place in the government-run facility around a significant number of law enforcement officers. Due to the Illinois Law Enforcement Officer-Worn Body Camera Act, established in 2016, there should have been multiple body worn camera video recordings, at least one per officer responding to the Incident, that clearly showed Mr. Williams' and the Defendants' actions throughout the Incident.

Mr. Williams, both when representing himself pro se and again through counsel later in the case, has repeatedly requested from the Defendants all of the video evidence available that shows the Incident. The Defendants have produced one body camera video from an officer that is recording the Incident from a separate room. The video shows the main actions of the Incident from a distance but is too far away to clearly see any of the details of the events at the core of Mr. Williams' claims. There is no video provided from the body-worn cameras of any of the officers that actively restrained Mr. Williams, most of the Defendants in this case, nor any video that gets close enough to Mr. Williams to show his physical state after the Incident. There were also no body-worn cameras provided from any of the other officers that were present during the Incident.

When further requests were made to the Defendants' counsel concerning further body camera videos, their response was that they no longer had access to any other video documentation due to the amount of time that this case has gone on. This response suggests that these videos were not preserved during the time that the litigation was ongoing, or that the Defendants did not properly record the Incident via their body cameras as Illinois law requires.

Defendants' failure to preserve the original body camera videos constitutes spoilation of evidence, violates their duty to preserve electronic evidence pursuant to Federal Rule of Civil Procedure 37(e) as well as the Illinois Law Enforcement Officer-Worn Body Camera Act (the "Body Camera Act"), 50 ILCS 706. Plaintiff has been prejudiced by the loss or destruction of these files and curative measures and sanctions are warranted.

**II.      Legal Standards**

Parties have a duty to preserve evidence they have control over and which they reasonably know or could foresee would be material to a potential legal action. Cohn v. Guaranteed Rate, Inc., 318 F.R.D. 350, 354 (N.D. Ill. Dec. 8, 2016). This duty encompasses all evidence the party knew or reasonably could foresee would be relevant. Id.

Courts have the "inherent power to sanction a party for failure to preserve evidence that it controls when it could have reasonably foreseen that evidence to be material in a potential lawsuit." *ChampionsWorld, LLC v. U.S. Soccer Federation*, 276 F.R.D. 577, 582 (N.D. Ill. Aug. 17, 2011). Sanctions can include barring evidence or arguments, permitting adverse inferences, or entering default judgment." Bryant v. Gardner, 587 F. Supp. 2d 951, 968 (N.D. Ill. 2008).

In evaluating a spoliation claim, the Court must determine (1) whether there was a duty to preserve the evidence; and (2) whether the destruction was done in bad faith. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). "Bad faith" means the evidence was destroyed for the purpose of hiding adverse information. *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir.1998). To determine bad faith, the Court must assess the actual evidence, which typically cannot be done because it no longer exists, or infer bad intent based on when the destruction occurred in relation to the destroyer's knowledge of its relevance to potential litigation. *Doe v. Purdue University*, 2021 WL 2767405 at *7 (N.D. Ind. July 2, 2021).

In addition to the Court's inherent power, Federal Rule of Civil Procedure 37(e) specifically deals with the failure to preserve electronically stored information ("ESI"). Rule 37(e) states that if ESI that should have been preserved in anticipation or conduct of litigation is lost because the party failed to take reasonable steps to preserve it and it cannot be replaced, the Court may take curative action. F.R.C.P. 37(e). Specifically, if the Court finds there was prejudice to another party, the Court may "order measures no greater than necessary to cure the prejudice." F.R.C.P. 37(e)(1). If the Court finds or infers a party acted with the intent to deprive another of the information's use in the litigation, it may presume or infer that the lost information was unfavorable to that party or enter default judgment. F.R.C.P. 37(e)(2). "Prejudice" under Rule 37(e) occurs when a party's ability to obtain the evidence has been thwarted. *DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2021 WL 185082, at *96 (N.D. Ill. Jan. 19, 2021).

The Body Camera Act, effective as of January 1, 2016, also establishes a policy that requires the preservation of officer worn body camera footage. Section 10-20(7)(C) of the Body Camera Act specifies that for any footage that captures an encounter where a formal or informal complaint has been filed and there is a civil proceeding, under no circumstances shall the recording be altered or destroyed except upon a final disposition and order from the court. 50 ILCS 706/10-20. Section 10-30 further states that if a court "finds by a preponderance of the evidence that a recording was intentionally not captured, destroyed, altered, or intermittently captured in violation of this Act, then the court or other finder of fact shall consider or be instructed to consider that violation in weighing the evidence, unless the State provides a reasonable justification." 50 ILCS 706/10-30.

### III. Argument

The missing body camera footage would be crucial and material to establish the actions of both parties in this case. Pursuant to the Illinois' laws concerning officer-worn body cameras, there should be more than just one recording from the collection of body worn cameras of the seven members of the ERT, or the six other officers present during the Incident that show in detail the actions of the parties present that day. Mr. Williams has sought these recordings throughout the length of this case as he believes that they are relevant evidence to prove his claims, specifically the core questions concerning the type and amount of force used by Defendants and Mr. Williams' behavior throughout the timeline of the event. However, the Defendants claim that these crucial recordings do not exist or were not preserved for this trial.

The Defendants and the WCADF spoiled the evidence that should be available to conduct this case and sanctions are warranted. Defendants had a duty to preserve, breached that duty in bad faith, and Mr. Williams has been prejudiced.

A. **Defendants had a duty to preserve the body camera recordings.**

There is no question that Defendants had a duty to record the Incident with their body cameras and preserve all recordings that captured the Incident. First, to define the applicability of the Body Camera Act, pursuant to section 10-15, as of January 1, 2016, all Illinois state law enforcement agencies, and their officers, must employ the use of officer-worn body cameras. 50 ILCS 706/10-15. The Act defines law enforcement agencies as any state agency with law enforcement officers, specifically including county sheriff's offices, and defines law enforcement officers as "any person employed by a State, county, municipality, special district, college, unit of government …who is primarily responsible for the prevention or detection of crime and the enforcement of the laws of this State." *Id.* On the day of the Incident, all of the Defendants were employed as corrections deputies or sergeants at the WCADF through the Will County Sherriff's office.

All of the Defendants and any other officer who was present or responded to the Incident was required to have their body camera on. Pursuant to section 10-20(a)(3), "cameras must be turned on at all times when the officer is in uniform and is responding to calls for service or engaged in any law enforcement-related encounter or activity that occurs while the officer is on duty." 50 ILCS 706/10-20. All of the officers present during the Incident were in uniform and clearly engaging in a law enforcement related encounter in their response to Mr. Williams in the Incident. Their body cameras were required to be on.

The Defendants had the duty to preserve the recordings through the length of any civil litigation. Pursuant to section 10-20(a)(7) of the Body Camera Act, all recordings made on body cameras must be preserved for at least 90 days. *Id*. Mr. Williams filed the first iteration of his complaint on Aril 11, 2018, within 90 days of the Incident. Pursuant to section 10-20(7)(B)(i) of the Body Camera Act, the filing of a complaint makes any recording that captured the encounter

5

"flagged". *Id.* Pursuant to section 10-20(7)(C), any flagged recording cannot be altered or destroyed under any circumstance prior to 2 years after the complaint is filed or, if it is a civil proceeding, until after a final disposition and order from the court. *Id.* Because this is a civil proceeding, the Defendants had a duty to preserve all body camera recording until this Court made a final disposition or order.

Pursuant to the Body Camera Act, the Defendants and other present officers were required to have their body cameras on and there is no circumstance that would have allowed the Defendants and the WCADF to avoid preserving any video that captured the Incident until the end of this case. Defendants admitted to breaching that duty when they said they no longer had access to the needed recordings.

**B.** **The Court can infer that the body camera recordings were avoided, lost or destroyed in bad faith.**

Defendants lack of preservation of the crucial and material body camera recordings should be inferred to be a bad faith act as they knew or should have known that these recordings were important to Mr. Williams' claims. The Court can infer bad intent based on when the destruction occurred in relation to destroyer's knowledge of its relevance to potential litigation. *Doe v. Purdue University*, 2021 WL 2767405 at *10 (N.D. Ind. July 2, 2021). It is unclear when the recordings were lost or destroyed. Defendants have not provided records for when the recordings were lost or any other explanation for their non-existence other than the length of this case. Mr. Williams filed his complaint within the 90 days that any recording would be required to be preserved and his filing would have initiated a requirement to preserve the recordings through the length of the resulting litigation. The docket shows that Mr. Williams first requested preservation of all video evidence of the Incident on November 14, 2018. ORAL MOTION by Plaintiff to preserve and produce any video surveillance of the incident that occurred on 3/19/18 (No. 37).

6

Defendants knew or should have known that they were required to all have body cameras on during the Incident, and if they did that, they had a duty to preserve all recordings. Defendants also knew or should have known that the further body camera recordings would provide better evidence and account of both parties actions throughout the Incident. Specifically, they knew that any recordings would show Mr. Williams behavior before the use of force, the actual amount of forced used on him that day, and the injuries he sustained. By not preserving the recordings the Defendants have prevented Mr. Williams from best proving his claims that the Defendants used force that was excessive for the purpose of restraining him and showing the full extent of his injuries.

There should be no excuse for the non-existence or lack of preservation of the officers' body camera recordings of the Incident. Regardless of any explanation the Defendants would provide to justify the recordings absence, their avoidance, loss or destruction of the recordings should be viewed as bad faith due to the clear duty they had to preserve, especially from the time that Mr. Williams filed his complaint, and how relevant the evidence contained in those recordings would be to the litigation.

**IV.   Sanctions are warranted pursuant to the Court's inherent authority and Rule 37(e).**

The test for spoliation has been met as the Defendants had a clear duty to collect and preserve recordings of the Incident and in bad faith they failed to do so. Through the spoliation of this evidence, Defendants have prevented the Plaintiff from best establishing his claims against them. The Defendants have also violated FRCP Rule 37(e) by not preserving the electronically stored information in anticipation of litigation. The Court should enter sanctions available through their inherent power and under the Rule 37(e) against the Defendants . The Plaintiff suggests that through its inherent power the Court should order an adverse inference that infers and presumes that any information that would have been recorded by the body cameras during the Incident would

7

have been unfavorable to the Defendants, and that any testimony concerning what could have been captured on these recordings be barred.

### IV. Conclusion.

Defendants and the WCADF have failed to preserve the relevant body camera videos as required by FRCP 37(e) and the Illinois Law Enforcement Officer-Worn Body Camera Act. The spoliation has prejudiced the Plaintiff as these recordings would show material evidence of the actions by both parties at issue within this case. The Court should award sanctions and curative measures as it finds appropriate.

WHEREFORE, Plaintiff Terrence T. Williams prays the Court grants his motion and enter sanctions for spoliation as set forth herein and for any further relief as the Court deems just and proper.

Dated: May 24, 2023

Respectfully Submitted,

Terrence T. Williams

*/s/ Christopher Gay*
One of His Attorneys

Steven V. Hunter, Esq.
Christopher Gay, Esq.
Quarles & Brady, LLP
300 N. LaSalle Street, Suite 300
Chicago, IL 60654
Telephone: 312.715.5087
Fax: 312.632.1787

## CERTIFICATE OF SERVICE

I, Christopher Gay, an attorney, certify that on May 24, 2023, I caused the foregoing **PLAINTIFF TERRENCE T. WILLIAMS MOTION FOR DISCOVERY SANCTIONS** to be electronically filed with the Clerk of the Court using the court's CM/ECF system, which will send notification of such filing to all counsel or record at their e-mail addresses on file with the Court.

                                                           */s/ Christopher Gay*

QB\81242274.1